THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN M. SILVERSTEIN *et al.*, Trustees, Defendants-Appellants.

First District (1st Division)   No. 77-1735

Opinion filed October 10, 1978.

Michael J. Madigan, Ltd., of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and James F. Henry, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The People of the State of Illinois brought actions against Herman M. Silverstein and Robert A. Cutler, as trustees (defendants), to recover personal property taxes for 1973 and 1974. The cases were consolidated. Defendants raised no point regarding the amount of the taxes. They filed an affirmative defense alleging that they held the stock in question as individuals and not as trustees and therefore the stock was not subject to personal property tax. Memoranda of law were filed by the parties. The trial court entered judgments against defendants for $8020.36 and for $13,157.55 for personal property taxes for 1973 and 1974 respectively including interest. The defendants have appealed.

The single issue for resolution by this court is whether defendants were exempt from this personal property taxation.

The pertinent facts are undisputed. On September 5, 1967, a voting trust agreement was entered into by the defendants and Robert H. Cutler Trucking Corporation of America, Inc., all as individuals; the defendants

not individually but as trustees and Mid-City National Bank of Chicago (Bank). In this agreement the parties covenanted that the defendants individually and Trucking Corporation of America would deposit with the defendants, as trustees, certificates of stock representing 26 percent of the issued and outstanding capital stock of the Bank. All of the certificates were to be endorsed by the individual owners thereof so that new certificates evidencing this stock could be issued by the Bank to the trustees under the trust. The agreement provided for similar deposit of additional shares in event of any increase in the stock of the Bank. In lieu of the stock, the trustees under the agreement were required to issue trust certificates to the individual participants. Dividends paid by the Bank on the stock were to be paid to the trustees who in turn were required to make distribution of the dividends to the individual owners of the trust certificates. The lengthy agreement contained many additional provisions not pertinent here.

A good deal of the background information concerning the legal history of the personal property tax of Illinois is set forth in *Hanley v. Kusper* (1975), 61 Ill. 2d 452, 337 N.E.2d 1, and *Lincoln National Bank v. Cullerton* (1974), 18 Ill. App. 3d 953, 310 N.E.2d 845.

By referendum vote, article IX-A was added to the Illinois Constitution of 1870:

> "Notwithstanding any other provision of this Constitution, the taxation of personal property by valuation is prohibited as to individuals."

This prohibition of the personal property tax "as to individuals" was perpetuated in the Illinois Constitution of 1970 which provided in article IX, section 5(b):

> "Any ad valorem personal property tax abolished on or before the effective date of this Constitution shall not be reinstated."

■■ ■ In *Hanley*, the supreme court "again rejected the claim that all personal property held in trust for natural persons is exempt from taxation." (61 Ill. 2d 452, 463.) The court, however, made a distinction regarding imposition of personal property taxes upon property held in a fiduciary relationship which was created involuntarily and by operation of law and "voluntary fiduciary relationships created to accomplish results that could not be achieved so long as the property is owned by a natural person." (*Hanley*, 61 Ill. 2d 452, 463.) The supreme court accordingly held that personal property taxes could be collected against banks which owned the property in such a voluntary fiduciary relationship. We judge that *Hanley* stands for the proposition that personal property owned by a fiduciary, where the relationship results from a voluntary legal arrangement, is not exempt from personal property taxes.

About one year later, the supreme court reached the same result in considering the effect of section 76 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 557), upon the liability for personal property taxes assessed upon the capital stock of Illinois banks. The court held that this section of the statute did not prevent imposition of the personal property tax on corporate owners of bank stock. *Bancorporation v. Korzen* (1976), 64 Ill. 2d 200, 355 N.E.2d 31.

Thereafter in *American National Bank & Trust Co. v. Kusper* (1977), 69 Ill. 2d 374, 372 N.E.2d 66, the supreme court considered an Illinois statute which exempted from *ad valorem* taxes all personal property held by a trustee for the exclusive benefit of a natural person. (Ill. Rev. Stat. 1975, ch. 120, par. 500.2lb.) The supreme court quoted at length from *Hanley*. (*American National Bank & Trust Co.*, 69 Ill. 2d 374, 388-89.) The court once more reached the same conclusion regarding the distinction between fiduciary relationships voluntarily created and those resulting from operation of law. The exemption statute was held unconstitutional. Subsequently the United States Supreme Court denied further review of this result. See *Robinson v. Kusper* (1977), 69 Ill. 2d 374, 372 N.E.2d 66 (consolidated on appeal), *cert. denied* (1978), ___ U.S. ___, ___ L. Ed. 2d ___, ___ S. Ct. ___.

■ It remains for us simply to follow the teaching of these recent decisions of the Supreme Court of Illinois in their application to the facts before us. We cannot say that the voting trust here involved came into being by operation of law. Quite to the contrary, it seems clear from the provisions of the agreement, as above summarized, that this express trust relationship was intentionally and voluntarily created by the parties thereto for the purpose of accomplishing certain results which they desired to attain. It is evident that the parties to the agreement wished to obtain the security of knowing that the stock of the Bank, which formed the trust *res*, would be voted in accordance with the wishes and desires of the defendants in their capacity as trustees. We therefore conclude that the imposition of the personal property taxes in question by the trial court was correct and in accordance with law. The judgment appealed from is therefore affirmed.

Judgment affirmed.

McGLOON and BUCKLEY, JJ., concur.